Kevin **BUCKLER** and Veronica Ekanem, Plaintiffs,

v.

Scott J. **ISRAEL,** et al., Defendants.

Case No. 13–62074–CIV

United States District Court, S.D. Florida.

Signed July 16, 2015

Barbara A. Heyer, Heyer & Associates, Fort Lauderdale, FL, for Plaintiffs.

Louis Reinstein, Richard Thomas Woulfe, Bunnell & Woulfe P.A., Fort Lauderdale, FL, for Defendants.

*ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE THE REPORTS AND TESTIMONY OF DR. ZAGER AND MOTION FOR A PROTECTIVE ORDER [DE 63] AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS [DE 671]*

WILLIAM MATTHEWMAN, UNITED STATES MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon Plaintiffs, Kevin Buckler and Veronica Eka-

nem's Motion to Exclude the Reports and Testimony of Arnold Zager. M.D. and Motion for a Protective Order [DE 63] and Plaintiffs' Second Motion to Compel Production of Documents of Defendant Israel [DE 67]. Defendants, Scott J. Israel, in his official capacity as Sheriff of Broward County, Gerald E. Wengert, Curtis Roberts, Geoff Brown, Nicholas Degiovanni, Papens Lamisere, and Steve Santiago filed Responses in opposition [DEs 64, 69], to which Plaintiff replied [DEs 65, 71]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra [DE 8]. The undersigned held a hearing on June 4, 2015.

At the hearing, the Court heard argument from the parties and denied Plaintiffs' Motion to Exclude the Reports and Testimony of Arnold Zager, M.D. and Motion for a Protective Order [DE 63], As to Plaintiffs' Second Motion to Compel Production of Documents of Defendant Israel [DE 67], at the June 4, 2015 hearing, the Court granted Plaintiffs' Motion to Compel as to Requests 3, 4, and 9. The Court took Requests 16 and 17 under advisement. This written order follows.

## I.

### *Plaintiffs Motion to Exclude the Reports and Testimony of Arnold Zager, M.D. and Motion for Protective Order [DE 63]*

#### (a). Motion for Protective Order:

Plaintiffs seek the entry of a protective order precluding defense expert Dr. Zager from conducting a psychiatric examination of Plaintiffs Buckler and Ekanem. [DE 63, p. 13]. Plaintiffs argue that Dr. Zager had the opportunity to examine Plaintiffs prior to rendering his opinion concerning their emotional injuries and he chose not to do so. [DE 63, p. 12]. Further, as to Plaintiff Buckler, it is argued that Dr. Zager could have availed himself of the objective testing materials of Dr. Butts and Dr. Gold, but chose not to do so. According to Plaintiffs, in seeking to examine Plaintiffs, Dr. Zager is simply attempting to bolster his improper opinions. [DE 63, p. 12]. Plaintiffs argue that pursu-

ant to Federal Rule of Civil Procedure 35, good cause has not been shown for the psychiatric examinations of Plaintiffs by Dr. Zager. [DE 63, p. 12]. Plaintiffs also request that if the Court allows the psychiatric examinations of Plaintiffs to go forward, that any interview by Dr. Zager be done in the presence of a court reporter at Defendants' expense. [DE 63, p. 12].

Defendants argue that Plaintiffs' motion for a protective order should be denied for a number of reasons. First, Defendants note that the parties have had difficulties with scheduling matters and both parties have sought extensions of scheduling orders in this case. [DE 64, p. 6], Second, Defendants point out that Plaintiffs have cited no case for the proposition that an expert cannot produce a report which acknowledges that if more information is obtained the expert will reserve the right to modify his or her opinions. In fact, Defendants argue that Plaintiffs' use of force expert, Kenneth Harms, reserved the same right to amend his report following the receipt of additional information. [DE 64, p. 6]. Third, Defendants assert that Dr. Zager's reports as to the Plaintiffs were issued while it was known by Plaintiffs that Defendants wanted examinations of Plaintiffs, and that Dr. Zager specifically noted in his report as to Plaintiff Buckler that it was a preliminary report and he intended to examine the Plaintiff to do further testing. [DE 64, p. 6], Fourth, Defendants argue that Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e)(2) mandate that a party must supplement the opinion of a disclosed expert if the expert's opinion changes. Fifth, since Plaintiffs have not yet taken the deposition of Dr. Zager, there will be no prejudice to Plaintiffs since they will have an opportunity to depose Dr. Zager prior to trial and obtain the bases for all of his opinions. Finally, Defendants object to having a court reporter present for Dr. Zager's psychiatric examination of Plaintiffs, as such a procedure would interfere with the setting of the examination and assessment, and would influence or impede Plaintiffs' responses. [DE 64, pp. 7–8].

The Court finds that pursuant to Federal Rule of Civil Procedure 35, Defendants have shown good cause for the mental

or psychiatric examinations of Plaintiffs Buckler and Ekanem. For the reasons stated herein and for all of the reasons stated on the record at the hearing held on June 4, 2015, the Court denies the Plaintiffs' motion for protective order. Defendants shall be permitted to conduct a Rule 35 mental or psychiatric examination of both Plaintiffs Buckler and Ekanem. Moreover, the Court finds that the presence of a court reporter would likely interfere with the examination and inhibit questions, responses and testing. *See Calderon v. Reederei Claus–Peter Offen GmbH & Co.,* 258 F.R.D. 523, 526 (S.D.Fla. 2009) (finding that a majority of federal courts have held that third parties should be excluded from mental examinations absent special circumstances). The Court finds that no special circumstances exist in this case to justify the presence of a court reporter at the Rule 35 mental or psychiatric examination of Plaintiffs.

### (b). Plaintiffs' Motion to Exclude:

As to that portion of Plaintiffs' motion which seeks to preclude the reports and testimony of Dr. Zager, the Court denies the motion without prejudice as premature. Once the deposition of Dr. Zager has been completed and all reports produced, Plaintiffs may file a timely motion *in limine* or to exclude Dr. Zager's reports and testimony based on Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), or on other grounds.[1]

### II. Plaintiff's Second Motion to Compel Production of Documents [DE 67]

For the reasons stated at the June 4, 2015 hearing, the Court grants Plaintiffs' Motion to Compel as to Requests 3, 4, and 9 of Plaintiffs' Second Request for Production of Documents to Defendant Israel. *See* Ex. A to DE 67. As stated at the June 4, 2015 hearing, as to Request for Production Numbers 3 and 4, Defendant Israel shall produce the requested Internal Affairs documents from January 1, 2004 to the present. As to Request for Production Number 9, Defendant Israel shall produce all K9 in-

cident reports authored by Defendant Gerald Wengert for the time period of 2004 to the present.

█ As to requests 16 and 17 of Plaintiffs' Second Request for Production of Documents to Defendant Israel, the Court took those requests under advisement. Request 16 asks for "internal affairs files and/or subject control incident reports and/or use of force forms" for ten incidents involving 15 deputy sheriffs [DE 67, Ex. A, pp. 5–6]. Request 17 asks for "all internal affairs files ... for deputy sheriff Robert Sokol from January 1, 2008 through December 31, 2009." [DE 67, Ex. A, p. 6]. Plaintiffs argue that the material sought is discoverable pursuant to Federal Rule of Civil Procedure 26(b)(1) and Florida law (Chapter 119, Florida Statutes) [DE 67, pp. 1–2]. Plaintiffs further argue that the requested documents are not privileged and are relevant to the instant case since "[t]he 'linchpin' to monitor and track the behavior and performance of individual police officers is 'quality supervision and an objective and impartial internal affairs process," citing *Groark v. Timek,* 989 F.Supp.2d 378, 386 (D.N.J.2013).

In opposition, Defendant argues that Plaintiffs "confuse logs of external complaints with Internal Affairs files indicating investigations were opened and with the use of force forms that were provided." [DE 69, p. 6]. Additionally, Defendants argue that Plaintiffs have failed to proffer "how the incidents alleged in Request # 16 and any incidents regarding Deputy Sokol (Request # 17) are similar to or relevant to the incidents involving Plaintiffs Buckler or Ekanem." [DE 69, p. 6].

The Court finds that Request for Production Numbers 16 and 17 are both relevant to Plaintiffs' claims and should be produced by Defendant Israel. The documents sought in Requests 16 and 17 are arguably relevant to establish any pattern of ineffective investigation or handling of complaints made against officers working within the Broward Sheriff's Office. Although this Order finds that the information sought in Requests 16 and 17 is relevant for discovery purposes, the under-

---

1. The Court expresses no view herein on the    merits of any such motion.

signed does not make any findings as to this information's ultimate admissibility at trial or otherwise. In light of the foregoing, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Exclude the Reports and Testimony of Arnold Zager, M.D. and Motion for a Protective Order [DE 63] is **DENIED.**

2. Plaintiffs' Second Motion to Compel Production of Documents of Defendant Israel [DE 67] is **GRANTED IN PART AND DENIED IN PART** as stated herein.

**DONE AND ORDERED**